Dear Ms. Dow:
We are in receipt of your recent letter requesting this office to determine whether the two members appointed by the governor from the public at-large to the Louisiana Auctioneers Licensing Board may be filled by licensed or formerly licensed auctioneers.
R.S. 37:3111 provides, in pertinent part:
 § 3111. Board creation; qualification; domicile; term of office; confirmation; oath of office; compensation
 A. The Louisiana Auctioneers Licensing Board is hereby created as an agency of the state government in the Department of Economic Development. No member of the board shall be held liable as an individual in any suit against the board.
 B. The board shall be composed of seven persons, five of whom shall be auctioneers; one selected from each public service commission district, and two of whom shall be consumers from the public at-large, all appointed by the governor. Each appointee shall be a citizen of the United States of America and a resident of Louisiana and at least thirty years of age. The board shall elect a chairman and vice chairman annually by majority vote of the total membership of the board.
Five of the seven members must be licensed auctioneers, and the remaining two members "shall be consumers from the public at-large." In the definitional section of the Auctioneers Licensing Law, the term "consumer" is not defined. The terms "auctioneer" and "person" are defined in R.S. 37:3103(4) and (8) as follows:
 (4) "Auctioneer" means any person who, for another, with or without receiving or collecting a fee, commission, or other valuable consideration, sells or offers to sell property at an auction.
 * * * * *
 (8) "Person" means an individual, partnership, company, corporation, association, or group however organized.
Black's Law Dictionary defines "consumer" as follows:
 One who consumes. Individuals who purchase, use, maintain, and dispose of products and services. Users of the final product. A member of that broad class of people who are affected by pricing policies, financing practices, quality of goods and services, credit reporting, debt collection, and other trade practices for which state and federal consumer protection laws are enacted. Consumers are to be distinguished from manufacturers (who produce goods), and wholesalers or retailers (who sell goods). See also Purchaser. A buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).
It was the intent of the legislature to differentiate the memberships, in that five of the members of the board are licensed in the industry which they regulate, and two of the members are consumers, who are "distinguished from manufacturers (who produce goods) and wholesalers or retailers (who sell goods)." Insofar as an auctioneer is someone who "sells or offers to sell property at an auction", he is to be distinguished from an actual consumer, who does not engage in that occupation, but rather is the end-user of those products sold at auction. It is the opinion of this office that the legislature used the term "consumer", as opposed to the broader term "person", in order to provide two members removed from the industry which the board regulates. Thus, we conclude that the meaning best conforming to the purpose of the law is that these consumer members, appointed from the public at-large, may not be licensed auctioneers. However, nothing in the law prohibits an individual who is no longer a licensed auctioneer from being considered a "consumer" and thus eligible for appointment to the board in one of the at-large positions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
Date Received: Date Released: February 28, 2001
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL